UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CORNELIUS A. BADGER, JR.,

    Plaintiff,

– against –

CUNY GRADUATE CENTER,

    Defendant.

**ORDER**

22-cv-9784 (ER)

RAMOS, D.J.:

  Cornelius A. Badger, Jr., who is proceeding *pro se* and *in forma pauperis* (IFP), filed the instant action against the City University of New York Graduate Center ("CUNY") on November 16, 2022. Badger alleges that CUNY wrongfully canceled his student loans after he withdrew from a course early in the semester, maliciously reported his student loan information to credit reporting agencies, and barred him from using Graduate Center services. Badger also filed a motion for preliminary injunction asking the Court to enjoin CUNY from removing his access to the Graduate Center and compel CUNY to remove all derogatory filings to the credit reporting bureaus. Doc. 5. At the Court's directive, Badger filed an amended complaint on March 6, 2023. Doc. 8. For the reasons discussed below, the Court dismisses Badger's amended complaint for failure to state a claim, and his motion for preliminary injunction as moot.

  **I. BACKGROUND**

  Badger was a masters student studying political science at CUNY. Doc. 8 at 15. In summer 2021 he registered for two courses that would begin in fall 2021— both were held on Tuesdays, with one scheduled from 4:15 p.m. to 6:15 p.m. and the other scheduled from 6:30 p.m. to 8:30 p.m. *Id.* Badger alleges that months after he enrolled, the 4:15 p.m. class was designated as hybrid due to COVID-19 protocols. *Id.* The hybrid course required in-class

attendance at times. *Id.* The 6:30 p.m. class remained fully online. *Id.* Badger alleges that it was "physically impossible" to both attend the in-person class and manage to get home in time to attend the 6:30 p.m. online class. *Id.* at 6. Badger contends that he could not bring his laptop to public spaces in order to log in for the online class because of COVID-19 restrictions ("imposed stay-at-home rules and general social distancing rules") in place in the New York City area at the time. *Id.*

As a result, two weeks after classes began, Badger decided to withdraw from the 4:15 p.m. course. Badger states that his "decision to withdraw was simply a matter of timing, practicality, and adjustment to circumstances that were difficult and beyond anybody's control." *Id.* Badger alleges that in response, CUNY employees in the financial aid office cancelled his approved and dispersed student loans for fall 2021. *Id.* And that ever since, collection agencies have been harassing him. *Id.*

Badger initially brought the action pursuant to Title VI of the Civil Rights Act, Title I of the Department of Education Organization Act of 1979, the Higher Education Opportunity Act of 2008 ("HEOA"), the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, unspecified "provisions of the Consumer Finance Protection Bureau," and state law claims for libel. Doc. 2. On March 6, 2023 Badger filed a motion for preliminary injunction. Doc. 5. On the same day, the Court directed Badger to amend his complaint to address deficiencies in his original pleading. Doc. 7. Badger filed an amended complaint on March 6, 2023. Doc. 8.

In the amended complaint, Badger brings claims pursuant to the Coronavirus Aid, Relief, and Economic Security Act § 3508 and repeats his HEOA claims in part. Specifically, he states

that CUNY breached Title I,[1] sections 101 and 116 of the HEOA; and replicates his claims under Title IV sections 423 and 432 of the same.  Badger alleges that CUNY and "actors in the Financial Aid and Bursar's offices" violated his rights by taking away his access to graduate school resources, and seeks relief in the form of restored access to all Graduate Center resources and damages in the amount of $100,000.

## II.     STANDARD OF LAW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).  But the "special solicitude" afforded to *pro se* litigants, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.  Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

---

[1] The Court notes that Badger's allegation that CUNY breached "Title IV, sections 101 and 116" is likely a typographical error and that he intended to invoke "Title I, section 101 and 116," as there is no section 101 or 116 in Title IV of the HEOA.

544, 570 (2007).  A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct.  In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions.  *Twombly*, 550 U.S. at 555.  After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief.  *Id.*

The Second Circuit has recognized that a district court has the "ability *sua sponte* to dismiss a complaint" if the allegations "lack[ ] a basis in law or fact."  *Muka v. Murphy*, 358 F. App'x 239, 241 (2d Cir. 2009); *see also Chodkowski v. Cnty. of Nassau*, No. 16 Civ. 5770, 2017 WL 10637956, at *13 (E.D.N.Y. Nov. 30, 2017) ("The Court has the authority under Rule 12(b)(6) to dismiss a complaint *sua sponte* for failure to state a claim upon which relief may be granted if the complaint lacks an arguable basis either in law or fact.") (internal quotations and citation omitted).  "As a practical matter, the vast majority of *sua sponte* dismissals are for frivolous claims, or, at least, where there is no substantial question as to whether the plaintiff can prevail.  *Choi v. 37 Parsons Realty LLC*, No. 19 Civ. 3875 (BMC), 2022 WL 17103507, at *4 (E.D.N.Y. Nov. 22, 2022).

### III. DISCUSSION

Section 3508 of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") directs the Secretary of Education to

> waive the institutional requirement … with respect to the amount of grant or loan assistance … to be returned under such section if a recipient of assistance under [T]itle IV of the Higher Education Act of 1965 (20 U.S.C. [§]1070 et seq.)

> withdraws from the institution of higher education during the payment period or period of enrollment as a result of a qualifying emergency.

Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, March 27, 2020.

A qualifying emergency is defined as (A) a public health emergency related to the coronavirus declared by the Secretary of Health and Human Services; (B) an event related to the coronavirus for which the President declared a major disaster or an emergency; or (C) a national emergency related to the coronavirus declared by the President under section 201 of the National Emergencies Act.  *Id.*

Badger has failed to provide a factual basis for his claim because the amended complaint does not sufficiently plead that he withdrew from the course due to a coronavirus related circumstance.  Quite the opposite, Badger states that he decided to withdraw because of "timing, practicality, and adjustment to circumstances that were difficult and beyond anybody's control."  *Id.* at 6.  Further, the amended complaint lacks a basis in law.  Section 3508 applies to recipients of loan assistance who "withdraw[] from the institution of higher education," not those, who like Badger, withdraw from a single course.  Additionally, while § 3508 grants a waiver of the requirement that institutions return the loan assistance, it does not *bar* CUNY from returning the loan assistance.

As to the HEOA claim, Badger alleges that CUNY violated the "spirit, the letter, and intent" of the HEOA by taking away his option to pay for graduate school.  Doc. 8 at 3.  Section 101 of Title I defines institutions of higher education, and section 116 outlines the state commitment to affordable education.  Section 423 of Title IV addresses voluntary flexible agreements between the Secretary of education and guaranty agencies, and section 432 addresses reports to consumer reporting agencies and institutions of higher education.  Badger brought

claims under the HEOA in his initial complaint and so the Court reiterates from its January 4, 2022 Order:

> [C]ourts have repeatedly held that "the HEA does not permit a private right of action for student borrowers," and the 2008 amendments do not appear to have altered this. *Nehorai v. U.S. Dep't of Educ. Direct Loan*, No. 08 Civ. 920 (SLT)(LB), 2008 WL 1767072, at *1 (E.D.N.Y. Apr. 14, 2008); *McCulloch v. PNC Bank, Inc.*, 298 F.3d 1217, 1221 (11th Cir. 2002) ("[T]he HEA does not expressly confer a private right of action, as the HEA only provides for a suit brought by or against the Secretary of Education.").

Doc. 7 at 6. Moreover, even if there was a private right of action, Badger does not plead any facts about what CUNY did or failed to do in violation of his rights under the HEOA. Accordingly, because Badger's amended complaint lacks a basis in fact or law, it is hereby dismissed.

## IV.   CONCLUSION

For the reasons set forth above, Badger's amended complaint if dismissed. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to terminate the motion for preliminary injunction, Doc. 5, and the amended complaint, Doc. 8, and to close the case.

It is SO ORDERED.

Dated:   April 6, 2023
         New York, New York

                                                        _____
                                                        EDGARDO RAMOS, U.S.D.J.

6